IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL NO. _____

ANTHONY LORENZO,

    Plaintiff,

vs.

CITY OF TAMPA and
STEPHEN PREBICH,

    Defendants.

_____/

## COMPLAINT

The plaintiff, Anthony Lorenzo, by and through his undersigned attorney sues the

Defendants, CITY OF TAMPA and STEPHEN PREBICH and alleges:

### COUNT I

1.    This an action for damages in excess of $15,000.

2.    At all times material to this cause of action the Plaintiff was a resident of

Hillsborough County, Florida.

3.    The Defendant, City of Tampa, is a municipality incorporated under the laws of

the state of Florida and is a state agency as that term is defined in § 768.28 Florida Statutes.

4.    The Plaintiff herein has complied with all conditions precedent under §768.28

Florida Statutes and the Defendant denied said claim in March 2005.

5.    On or about October 26, 2002 officers of the Tampa Police Department acting

within the course and scope of their employment without probable cause falsely arrested plaintiff.

6.    As a direct and proximate result of the actions of the Defendant, CITY OF

TAMPA, the Plaintiff was embarrassed, humiliated, suffered loss of dignity and detained against

his will.

WHEREFORE, the Plaintiff, ANTHONY LORENZO, demands damages against the Defendant and further demands trial by jury on all issues.

COUNT II

The Plaintiff, ANTHONY LORENZO, by and through his undersigned attorney hereby sues the Defendant, STEPHEN PREBICH and alleges:

7.  The Plaintiff realleges the allegations contained in paragraphs 1-6.

8.  This is an action for damages in excess of $15,000.

9.  This is an action for damages for violation of civil rights pursuant to Title 42 U.S.C. §1983.

10.  The Defendant, STEPHEN PREBICH, is sued individually.

11.  At all times material to this cause of action the Defendant, STEPHEN PREBICH, was acting under color of state law as a police officer employed by the Tampa Police Department.

12.  On or about October 26, 2002 the plaintiff was lawfully handing out pamphlets or handbills within the Ybor City area of the City of Tampa which expressly advocated the legalization of marijuana and promoted the Libertarian party. A copy of said pamphlet is attached hereto as exhibit A.

13.  On that date the Defendant arrested the Plaintiff and charged him with violating section 6-211 of the Tampa City Code which provides:

Sec. 6-211 Permit requirement; application for permit: issuance

(a)  No person or business may conduct OPC in the Ybor City Historic District without a permit. Each person or business that proposes to engage in OPC shall apply for a permit to do so at the business tax division by submitting an application that includes the following:

        (1)   Name, date of birth, business represented, business address and telephone number, and

        (2)   A non-refundable fee of one hundred fifty dollars ($150.00), and

        (3)   Two (2) passport size photographs of the person who will conduct the OPC.

    (b)   Upon receipt of a complete application, the business tax division shall verify that the business has a current business tax receipt and, if so, shall issue a permit.

14.    The Tampa City Code in sec. 6-4 further provides that OPC means off-premises canvassing.

15.    The Tampa City Code in sec. 6-4 further provides that off-premises canvassing means the distribution of information by a person for purposes of soliciting business or customers in the Ybor City Historic District on publicly owned property or public right-of-way in connection with a business.

16.    On the date of Plaintiff's arrest he was participating in a parade during a Halloween celebration in Ybor City known as "Guavaween". Plaintiff was with a group that expressly advocated reform of marijuana laws and had a float that participated in the parade which publicly identified said goal. The Defendant observed Plaintiff with this group near its float and/or other papier-mache' molds at or about the time he arrested him for violating the aforementioned Tampa City Code OPC ordinance.

17.    At no time did Plaintiff solicit any customers for any business nor did the Defendant observe him doing same. Indeed, at the time of Plaintiff's arrest the Defendant had no idea if Plaintiff had a permit as described in the cited ordinance nor had he even read the content of the pamphlet or handbill attached hereto.

18.    The political message conveyed to the public by Plaintiff and his group was open and obvious to any observer including, but not limited to police officers and specifically the Defendant Prebich herein.

19.  Defendant Prebich's actions in arresting Plaintiff for violating a city ordinance
when he had no arguable probable cause to do so violated the Plaintiff's clearly established rights
under the First Amendment to the Constitution to freedom of speech and the Fourth Amendment
to Constitution to be free from false arrest.

WHEREFORE, the Plaintiff, ANTHONY LORENZO, demands damages against the
Defendant and further demands trial by jury on all issues.

W/THOMAS WADLEY
YANCHUCK, BERMAN, WADLEY & ZERVOS, P.A.
P.O. Box 4192
St. Petersburg, Florida 33731
(727) 822-6313
Attorney for Plaintiff
Florida Bar No. 340170



End the war on the American
people, aka, the War on Drugs.
Vote Libertarian!
http://www.lpf.org/hillsborough
Phone: 813-250-3698
Email: ronstringfield@yahoo.com

chachi's VEJUTOPIA
polyethnic herbivorous cuisine
www.vejutopia.com
email: chachi420@msn.com
phone: 813 622 6533
all vegetarian catering and concessions
PEACE BEGINS IN THE KITCHEN

EXHIBIT "A"